## JOSEPH MASS v. MOSES BROWN.

Where suit is instituted before a justice of the peace, on two notes, both in favor of the same plaintiff, and against the same defendant, and the notes united, do not exceed the jurisdiction of a justice, he has no authority to make two cases of the one cause of action; nor has he any authority to give judgment on the one note, and continue the cause as to the other note.

Error to the Daviess Circuit Court.

STRINGFELLOW for Plaintiff.

*Opinion of the Court, delivered by Tompkins, Judge.*

Mass sued Brown before a justice of the peace, and obtained a judgment: from this judgment, Brown appealed to the circuit court; and that court deciding in favor of Brown, Mass appealed to this court.

On the trial of the cause in the circuit court, the appellant, Mass, gave in evidence a promissory note, made to

APRIL TERM. 1842.

Mass v. Brown.

Where suit is instituted before a justice of the peace on two notes, both in favor of the same plaintiff, and against the same defendant, and the notes united do not exceed the jurisdiction of a justice, he has no authority to make two cases of the one cause of action, nor has he any authority to give judgment on the one note, and continue the cause as to the other note.

him by Brown, the Appellee. Brown introduced as evidence against this note, a transcript from the docket of a justice of the peace, by which it appears, that sometime before the commencement of this action before the justice of the peace, Mass had instituted an action before the same justice on this same note, for $100, and on another for $50; that on the day of trial in that cause, the defendant asked, and obtained a separate trial on the note of $100; and that judgment was given against the plaintiff on the note for $100; and the cause was continued as to the note for $50.

On this evidence, the circuit court decided against the claim of Mass, on the note for $100, and gave judgment for the defendant, Brown.

It seems to me very plain, that when Mass instituted his first suit against Brown, on the two notes for $100, and for $50, that the justice had no authority to make two cases of the one action; and consequently that his judgment against the plaintiff, Mass, on the note for $100, was entirely void, and that the transcript of such judgment, ought not to have been received in evidence by the circuit court. The plaintiff, Mass, could not appeal from a judgment on half of his demands; and Brown must not be permitted to profit by his own wrongful act, and the blunder of the justice.

The judgment of the circuit court is, therefore, reversed, and the cause will be remanded to the circuit court, to be proceeded in agreeably to this opinion.

As the Transcript offered in evidence, showed that no final disposition had been made of the cause, and for ought that appeared, the cause was still pending, the record was improperly admitted in evidence. W. SCOTT.